**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE PAULEY** | ) | |
| 24248 Ambour Dr. | ) | CIVIL ACTION |
| North Olmsted, Ohio 44070 | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | JUDGE |
| vs. | ) | |
| | ) | |
| **GREAT LAKES FINANCIAL GROUP** | ) | |
| **LIMITED PARTNERSHIP** | ) | **COMPLAINT FOR VIOLATION OF** |
| c/o Joseph A. Bobeck Sr., Statutory Agent | ) | **THE FAIR LABOR STANDARDS ACT** |
| 1020 Huron Rd. | ) | |
| Suite 100 | ) | |
| Cleveland, OH 44115 | ) | **JURY DEMAND ENDORSED** |
| | ) | **HEREON** |
| Defendant. | ) | |

Plaintiff Jane Pauley ("Plaintiff") brings this action against Defendant Great Lakes Financial Group Limited Partnership ("Great Lakes" or "Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  The following allegations are based on personal knowledge as to Plaintiff's own conduct.

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Jane Pauley is an adult individual residing at 24248 Ambour Dr., North Olmsted, Ohio 44070.

4.      Defendant Great Lakes Financial Group Limited Partnership is a for-profit real

1

estate firm which provides real estate lending, development, management, and construction services.

5.     During all times material to this Complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

6.     During all times material to this complaint, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

7.     At all times material to the Complaint, Plaintiff was employed by Defendant as an exempt laborer and was paid on a salary basis.

8.     As a laborer, Plaintiff would complete general construction work, such as tearing down walls, framing, roofing, and converting apartments to be compliant with the Americans with Disabilities Act.

9.     Plaintiff worked an approximately fifty (50) hours per week or more.

10.     Based on Plaintiff's actual duties, Plaintiff did not qualify for an exemption from the wage and overtime obligations imposed by the FLSA and was entitled to be paid time and a half for all hours worked in excess of forty (40) in a workweek.

11.     In addition, Plaintiff was periodically required to work at various locations away from her home community as a laborer.

12.     Plaintiff's work in such locations often required her to stay overnight at that location.

2

13.    Plaintiff was never paid for her travel time from the jobsite.

14.    The exact amount of overtime compensation that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

15.    The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.  Plaintiff is entitled to review her records of hours worked to determine the exact amount of overtime owed by Defendant.  Absent Defendant keeping these records as required by law, Plaintiff is entitled to submit her information about the number of hours worked.

## <u>COUNT ONE</u>

### Violation of Fair Labor Standards Act

16.    Plaintiff repeats the foregoing allegations  and  incorporates  them  herein  by reference.

17.    Defendant is an employer covered by the overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

18.    As a laborer, Plaintiff should have received time and a half for all hours she worked in excess of forty (40) in a workweek.

19.    However, Plaintiff was paid on a salary basis and was not paid overtime.

20.    Plaintiff does not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

21.    In addition, Plaintiff has not been paid for time spent traveling from jobsites in which an overnight stay is required and thus was paid no wages for this time spent working.

22.    For example, in or around November 2015 Plaintiff worked in Kentucky for five

(5) business days and was not paid for time for time spent traveling to and from the job site.

23.    As an employee of Defendant, Plaintiff worked hours in excess of the maximum weekly hours permitted under the FLSA but was not paid overtime for those excess hours.

24.    Throughout Plaintiff's employment, Defendant has known that Plaintiff is not exempt from the wage and overtime obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiff for all hours worked.  In spite of such knowledge, Defendant has willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff is entitled.

25.    Because the Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff is entitled to these wages dating back three years. Plaintiff should have been paid overtime compensation at the rate of one and one-half times her "regular rate" for all hours worked in excess of forty hours per workweek.

26.    The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

27.    Defendant's failure to pay Plaintiff compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which he has not been paid.

28.    Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff.   As such, Plaintiff is entitled to attorney fees and costs incurred pursuant

to 28 U.S.C. § 216 (b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Enter judgment against Defendant and in favor of Plaintiff;

B.      Award compensatory damages to Plaintiff in the amount of her unpaid wages, as well as liquidated damages in an equal amount;

C.      Awarding Plaintiff her reasonable costs and attorneys' fees necessarily included herein;

D.      Awarding Plaintiff such other and further relief as the Court deems proper.

NILGES DRAHER LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Michaela M. Calhoun (0093546)
7266 Portage Street NW, Suite D
Massillon, Ohio 44646
Telephone:     (330) 470-4428
Facsimile:     (330) 754-1430
Email:         hans@ohlaborlaw.com
               sdraher@ohlaborlaw.com
               mcalhoun@ohlaborlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiff*